# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-31025
Summary Calendar

ARTHUR RAY ROBINSON

Plaintiff-Appellant

v.

EDGAR TOMMY WHEELER; BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY; Assistant Warden DONALD DAVIS; Colonel JOSEPH LAMARTINERE; Colonel KEVIN BENJAMIN

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-896

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Arthur Ray Robinson, Louisiana prisoner # 425796, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983, claiming prison officials violated his rights by: requiring him to perform tasks that were inconsistent with his medical restrictions; and failing to provide adequate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical treatment. Defendants moved for summary judgment, contending Robinson had failed to exhaust his administrative remedies. The district court found: Robinson's step one grievance had been rejected because it presented multiple claims; and he had not resubmitted the individual claims in proper form. (The form rejecting Robinson's step one grievance specifically advised him he could resubmit his grievance in the proper form.) Accordingly, the district court: determined Robinson had not exhausted his administrative remedies for the individual claims he sought to present in this action; granted summary judgment; and dismissed the complaint.

A summary judgment is reviewed *de novo*. *E.g.*, *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Such judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c).

Under the Prison Litigation Reform Act, exhaustion of available administrative remedies is a threshold requirement for filing a prisoner § 1983 action. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 523-32 (2002). Robinson contends the district court erred in granting summary judgment because there were disputed issues of fact. Although there may be such issues concerning the merits of his claims, he has shown no such dispute regarding failure to exhaust his administrative remedies for those claims.

Robinson also maintains he is not required to exhaust his administrative remedies because he seeks only monetary damages. Pursuant to 42 U.S.C. § 1997e(a), exhaustion is required for actions seeking monetary damages, even if they are not available in the prison grievance proceeding. *Porter*, 534 U.S. at 524.

AFFIRMED.